**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.

**IMON L. WRIGHT,**

      **Defendant.**

Case No. 16-20075-01-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Imon Wright's *pro se* letter (Doc. 37) requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons provided below, Wright's motion is denied.

**I.  Background**

On November 28, 2016, Wright pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1] On February 13, 2017, this Court sentenced Wright to a five-year term of imprisonment, a five-year term of supervised release, and a $100 special assessment.[2] That same day, due to Wright's violation of the terms of supervised release conditions imposed in Case No. 04-20101, the Court revoked Wright's supervised release and sentenced him to twenty-seven months' imprisonment in that case, to be served consecutive to the five-year term of imprisonment imposed in this case.[3]

Wright is currently incarcerated at Yazoo City Low FCI in Mississippi. The Bureau of Prisons ("BOP") reports 88 inmates have tested positive for COVID-19 out of 381 inmates tested

---

[1] Doc. 22.

[2] Doc. 29.

[3] No. 04-20101, Doc. 197.

at this facility, and 21 tests are currently pending.[4] The BOP further reports that there are zero active inmate cases, five active staff cases, and three inmate deaths at Yazoo City Low FCI.[5] Wright is thirty-eight years old, and his projected release date is March 1, 2023.

On October 26, 2020, Wright filed a letter requesting compassionate release due to his underlying medical conditions of obesity and having lost function in one lung after he was shot, and the risk of severe complications or death should he contract COVID-19 while in prison.[6] He requests that his time be reduced to time served and he offers a home plan that he will reside with his fiancée and his oldest child and that he will seek employment as well as CDL training.[7]

Wright is not represented by counsel. Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within 15 days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case. Accordingly, Wright's motion proceeds *pro se*.

**II.      Legal Standards**

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do

---

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 8, 2020).

[5] *Id.*

[6] Doc. 37 at 1.

[7] *Id.* at 5.

2

so.'"[8] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[9] But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[10] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[11]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[12] In addition, a court must ensure that any reduction in a

---

[8] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[9] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[12] 18 U.S.C. § 3582(c)(1)(A).

defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[13]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[14] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[15]

---

[13] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[14] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[15] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary find compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

### III. Discussion

#### A. Exhaustion

Wright requested compassionate release to the warden at Yazoo City Low FCI on September 15, 2020. His request stated that "we are in open dorms and are at high risk. [I] have been shot and only have 1 lung."[16] On September 16, 2020, the warden responded to Wright's request, advising that they had forwarded his request to the "Complex Reduction-in-Sentence Coordinator."[17] Because more than thirty days have passed since Wright submitted his request without response from the warden, the Court will consider Padden's motion.[18]

#### B. Extraordinary and Compelling Reasons

Having determined that Wright has properly exhausted his administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing his sentence to time served. Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[19]

The Sentencing Commission's comments to § 1B1.13 set forth four circumstances under which extraordinary and compelling reasons may exist: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant

---

[16] Doc. 37 at 6.

[17] *Id.*

[18] The government contends that Wright has not exhausted his administrative remedies because the grounds identified in his request to the warden, that he only has one lung, do not mirror the grounds on which he now seeks compassionate release, that he only has one lung and is obese. The government argues that Wright must again seek compassionate release from the warden and explicitly identify his condition of obesity to satisfy the exhaustion requirement. As this Court previously determined, however, "a judicially created issue-exhaustion requirement is inappropriate" because the administrative process for compassionate release is inquisitive rather than adversarial. *United States v. Parada*, No. 5:03-40053-JAR-1, 2020 WL 4589781, at *4–5 (D. Kan. Aug. 10, 2020) (quoting *Sims v. United States*, 530 U.S. 103, 111 (2000)). As such, Wright's September 15 compassionate release request to the warden satisfies the exhaustion requirement.

[19] 28 U.S.C. § 994(t).

is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[20]

The government concedes that "defendant's obesity is an extraordinary and compelling reason pursuant CDC and/or DOJ guidelines . . . assuming the Court finds the defendant exhausted his administrative remedies."[21] For the aforementioned reasons, the Court finds that Wright has exhausted his administrative remedies, and finds that Wright's obesity is an extraordinary and compelling reason.

Wright also has only one functioning lung, which the Court finds is an additional extraordinary and compelling reason, as it is a serious physical condition from which Wright is not expected to recover and that substantially diminishes his ability to provide self-care within the environment of a correctional facility, pursuant to the Sentencing Commission's comments to § 1B1.13.[22] The government argues that there is no evidence that Wright has only one functioning lung.[23] But Wright's Presentence Investigation Report describes how Wright sustained multiple gunshot wounds to his chest, and a gunshot wound to his abdomen in June

---

[20] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A)–(C) (U.S. Sentencing Comm'n 2018).

[21] Doc. 40 at 20.

[22] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A)–(C) (U.S. Sentencing Comm'n 2018).

[23] Doc. 40 at 20.

2000 and was hospitalized for ten days.[24]  Having only one functional lung is akin to chronic lung disease and other conditions that compromise respiratory function that the Centers for Disease Control and Prevention has identified as COVID-19 risk factors[25] and which the government concedes the Department of Justice has adopted.[26]

The government contends, however, that when balanced with the § 3553(a) factors, Wright fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court next considers the § 3553(a) factors.

### C.     Section 3553(a) Factors

When a defendant demonstrates that he or she has an extraordinary or compelling reason for a sentence reduction, the Court must consider whether such reduction would comply with the familiar sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

---

[24] Doc. 26 ¶ 58.

[25] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

[26] Doc. 40 at 18–19.

7

> (5) any pertinent policy statement . . . issued by the Sentencing
> Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants
> with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[27]

While the Court takes all seven § 3553 factors into account, those most pertinent to Wright's case are factors (1), (2), and (4). In consideration of these factors, the Court concludes that releasing Wright now would not leave him with a sentence that is "sufficient, but not greater than necessary."[28]

First, Wright was convicted of possessing a firearm in furtherance of a drug trafficking offense. Wright was arrested after a traffic stop in which he was driving a vehicle with 3/4 of a pound of marijuana, a loaded .45 caliber pistol, a loaded high-capacity magazine containing 26 rounds of .45 ammunition, and $2275 in currency. The only other passenger in the vehicle was Wright's juvenile daughter. Thus, Wright was convicted of a serious and violent crime, that carries a statutory mandatory minimum of five years in prison.

At the time Wright was arrested in this case, in August 2016, he had served only twenty months of a five-year term of supervised release imposed by this Court in a 2004 drug trafficking case. The conviction in the 2016 case resulted in this Court revoking Wright's supervised release in the 2004 case and sentencing him to twenty-seven months, consecutive to the sentence imposed in this case. Wright's prior conviction, in Case No. 04-20006, was for conspiracy to possess and distribute crack cocaine. That case was filed based on a search of a residence occupied by Wright, which yielded about half a pound of crack cocaine and two firearms which contained Wright's DNA. The Court imposed a sentence of 210 months, which was later

---

[27] 18 U.S.C. § 3553(a).

[28] *Id.*

reduced to 135 months pursuant to a sentencing amendment.  Wright still has roughly twenty-seven months of unserved time on his revocation sentence.

In addition to Wright's 2004 drug trafficking conviction, he has a history of four prior convictions for possessing firearms, from the ages of seventeen to twenty-two.

Given the mandatory sentence imposed in the 2016 case, the prior history of a drug trafficking offense in which firearms were present and Wright's history of prior firearms offenses, a reduction of his sentence to time served would not serve the need for the sentence to reflect the seriousness of the offense, provide just punishment, promote respect for the law, deter crime, or protect the public from further crimes.  Wright has roughly twenty-seven months left on the sentence in the 2016 case and an additional twenty-seven months left on the revocation sentence in the 2004 case.  And though Wright argues that he has been rehabilitated in prison, the Court finds that he has a need for further rehabilitative services in light of his history of three prison disciplinary reports in 2020 alone.  Wright's motion for compassionate release is thus denied.

**IT IS THEREFORE ORDERED** that the Motion for Compassionate Release (Doc. 37) is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 8, 2020

                                                          S/ Julie A. Robinson
                                                          JULIE A. ROBINSON
                                                          CHIEF UNITED STATES DISTRICT JUDGE